UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT REEVES BLAKEWOOD,<br><br>                Petitioner,<br>     v.<br><br>JAMES D. HARTLEY, Warden,<br><br>                Respondent. | Case No.: 5:11-cv-00142-LHK<br><br>ORDER TO SHOW CAUSE |

Petitioner Robert Reeves Blakewood ("Petitioner"), a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction in California state court.

**I.  BACKGROUND**

Based on a plea of no contest, Petitioner was convicted of, *inter alia*, orally copulating a person under age 18 (Cal. Pen. Code § 288a(b)(1)); transporting a child under the age of 16 to another person for the purpose of a lewd and lascivious act (Cal. Pen. Code § 266j); furnishing methamphetamine to a minor (Cal. Health & Saf. Code § 11380(a)); committing a lewd act upon a child at least 10 years younger (Cal. Pen. Code § 288(c)(1)); orally copulating and sodomizing a child under the age of 16 (Cal. Pen. Code § 288a(b)(2), 286(b)(2); and possession of child pornography (Cal. Pen. Code § 311.11(a)). Several additional counts were dismissed pursuant to a plea agreement. Petitioner was sentenced to a total prison term of 14 years and 8 months.

1

Case No.: 5:11-cv-00142-LHK
ORDER TO SHOW CAUSE

1  Petitioner is currently incarcerated at California State Prison in Avenal, California. The California
2  Court of Appeal affirmed the judgment, and the California Supreme Court denied review.

3  **II.   DISCUSSION**

4  **A.  Standard of Review**

5  This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in
6  custody pursuant to the judgment of a State court only on the ground that he is in custody in
7  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The
8  Court shall "award the writ or issue an order directing the respondent to show cause why the writ
9  should not be granted, unless it appears from the application that the applicant or person detained is
10 not entitled thereto." *Id.* § 2243.

11 **B.  Claims**

12 Petitioner seeks federal habeas corpus relief on grounds that (1) his conviction was obtained
13 as a result of an unlawful search and seizure in violation of the Fourth Amendment, and (2) he was
14 denied a full and fair opportunity to litigate his Fourth Amendment claims in the underlying state
15 court proceedings, and thus *Stone v. Powell*, 428 U.S. 465 (1976), does not bar his claim for habeas
16 relief. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from
17 Respondent.

18 **III.  CONCLUSION**

19 For the foregoing reasons and for good cause shown:

20 1. The clerk shall serve by certified mail a copy of this order and the petition and all
21 attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of
22 California. The clerk shall also serve a copy of this order on Petitioner.

23 2. Respondent shall file with the Court and serve on Petitioner, within 60 days of the
24 issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing
25 Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.
26 Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial
27 record that have been transcribed previously and that are relevant to a determination of the issues
28

presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within 30 days of his receipt of the answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within 15 days of receipt of any opposition.

4.  Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must also keep the Court and all parties informed of any change of address.

**IT IS SO ORDERED.**

Dated: January 19, 2012

_____
LUCY H. KOH
United States District Judge